UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAUL JOLIVETTE,<br><br>      Plaintiff(s),<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.<br><br>      Defendant(s). | 2:13-cv-2322-APG-NJK<br><br>**O R D E R** |

Before the Court is Plaintiff's Motion to Add Additional Parties. Docket No. 13.

**BACKGROUND**

On November 19, 2013, Plaintiff filed a purported Foreign Judgment. Docket No. 1. Thereafter, he filed a motion for writ of execution, which the Court denied without prejudice. Docket Nos. 4 and 9. In its order denying the writ, the Court expressed concern about the validity of the purported Foreign Judgment as well as the fact that Plaintiff had not yet served Defendants. Docket No. 9. The Court therefore instructed Plaintiff to properly serve Defendants and to file proof of proper service with the Court. *Id*.

Thereafter, on February 10, 2014, Plaintiff filed proof of service for Defendants The People of the State of California, and Kamala D. Harris, Attorney General. Docket No. 11. Two days later, on February 12, 2014, Plaintiff filed the present motion seeking to add additional parties. Docket No. 13.

. . .

. . .

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading as a matter of course 21 days after service or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

In this matter, Plaintiff has yet to file a pleading. Thus, it is unclear to what Plaintiff is seeks to add the proposed additional parties.[1] Further, if Plaintiff seeks to add parties by some other means, he has failed to cite any points and authorities. *See* Local Rule 7-4. Accordingly, Plaintiff has consented to the denial of his motion. *Id*.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Add Additional Parties, Docket No. 13, is DENIED without prejudice.

DATED: February 24, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] If, moving forward, Plaintiff seeking to amend a pleading, he is informed that the Court cannot refer to a prior pleading (i.e., an original complaint) in order to make an amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original Complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.